United States District Court
Southern District of Texas
**ENTERED**
March 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN KURT BAUGHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Case No. 4:20-CV-00218 |
| | § | |
| BRYAN COLLIER, BOBBY LUMPKIN, | § | |
| LANETTE LINTHICUM, OWEN | § | |
| MURRAY, MANUEL HIRSCH, MARY E. | § | |
| BAKER, LINDA HIDALGO, ED | § | |
| GONZALEZ, DAVID SEALS and | § | |
| HARRIS COUNTY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Texas state inmate Steven Kurt Baughman, proceeding *pro se*, filed a civil rights complaint against Defendants Mary E. Baker, Linda Hidalgo, Ed Gonzalez, and Harris County in this Court. Defendants now move to dismiss the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court **GRANTS** Defendants Baker's, Hidalgo's, and Gonzalez's Motions to Dismiss, (Dkt. Nos. 66, 68). Moreover, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Harris County's Motion to Dismiss, (Dkt. No. 69). Last, the Court **DENIES** Baughman's Motion for Appointment of Counsel, (Dkt. No. 102).

### I. BACKGROUND

Prior to being transferred to the Texas Department of Criminal Justice, Baughman was detained in the Harris County Jail. During this time, he filed a lawsuit alleging that he was denied treatment for diabetes and dental care. *See Baughman v. Garcia*, No. 4:14-

CV-03164. The court granted summary judgment for the Defendants on the diabetes treatment claim, and the Parties settled the dental care claim following mediation. The Parties agree that the Defendants in the prior case partially complied with their obligations under the settlement agreement. There is also no dispute that Baughman's dental treatment was not completed before he was convicted and transferred from the Harris County Jail to the Texas Department of Criminal Justice.

In this case, Baughman sues several Defendants affiliated with the Texas Department of Criminal Justice, and several affiliated with Harris County, for violating his constitutional rights and breaching the settlement agreement. The Harris County Defendants have moved to dismiss, Baughman has responded to their motions, and the Defendants have replied. (Dkt. Nos. 66, 68, 69, 98, 99).

## II.   STANDARD OF REVIEW

In reviewing a Motion to Dismiss under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. MARY E. BAKER

Mary E. Baker is an attorney who represented several defendants in the previous litigation. She was not a party to that case, and her only role with Harris County was as an attorney. As such, Baker was not in a position to breach the settlement agreement because she was not a party to that agreement. Nor was she in a position to violate Baughman's right to necessary medical care because she was not in a position to provide or order such care. In addition, Ms. Baker, as an attorney, is immune from suit from non-clients for actions taken within the scope of her legal representation. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 484 (Tex. 2015). Baughman's claims against Baker must be dismissed.

#### B. LINA HIDALGO AND ED GONZALEZ

Defendant Lina Hidalgo is the Harris County Judge and Defendant Ed Gonzalez is the Harris County Sheriff. As set out in the Fourth Amended Complaint, Harris County was responsible for providing dental care under the settlement agreement. *See* (Dkt No. 33 at 10-11). Neither Hidalgo nor Gonzalez was a party to the previous lawsuit or to the settlement agreement. And their predecessors in office were not personally responsible under the settlement agreement for providing dental care to Baughman. Because Hidalgo and Gonzalez were not parties to the agreement or successors in interest to anyone responsible for providing dental care, they cannot be in breach of the agreement.

To the extent that Baughman contends that Hidalgo or Gonzalez violated his right to necessary dental care under the Eighth Amendment or federal civil rights statutes, the

claim also fails. To prevail on his claim, Baughman must demonstrate that each Defendant was personally involved in the alleged constitutional violation, or that the Defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012). Baughman pleads no facts showing such personal involvement, and these Defendants cannot be liable based solely on their supervisory positions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The claims against Hidalgo and Gonzalez must be dismissed.

      C.      **HARRIS COUNTY**

Baughman alleges that Harris County breached the settlement agreement and violated his Eighth Amendment rights by failing to provide necessary dental treatment.

      1.      **<u>Civil Rights</u>**

Federal civil rights claims in Texas are governed by a two-year statute of limitations. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Under the settlement agreement, Harris County was to provide the required dental care by October 2017. (Dkt. No. 33 at 11). Baughman alleges that Harris County was in breach of the settlement agreement by December 12, 2017. (*Id.*). Thus, the limitations period for this claim expired no later than December 12, 2019.

Baughman did not name Harris County as a defendant in this case until the Fourth Amended Complaint. The Fourth Amended Complaint is dated December 22, 2020. *Id.* at 21. Baughman did not sue Harris County on this claim for more than a year after the limitations period expired. Therefore, this claim is time-barred.

D.  **BREACH OF CONTRACT**

Harris County argues that Baughman's breach of contract claim is also time-barred.  The County acknowledges that this claim is governed by a four-year statute of limitations.  The County argues that the alleged breach occurred no later than October 2017.  The County points out that the Fourth Amended Complaint was not filed until September 4, 2021, and Harris County was not served until May 24, 2022.  The Court is not persuaded because Baughman's Motion for Leave to File His Fourth Amended Complaint is dated December 22, 2020, and Baughman, who is proceeding *in forma pauperis*, is dependent on the Court for service of process.  In other words, Baughman sought to file the complaint well within the limitations period and had no control over service of that complaint on Harris County.

Harris County also argues that Baughman fails to plead sufficient specific facts to support his claims.  It is unclear from Harris County's Motion whether this argument pertains to the civil rights claim, the breach-of-contract claim, or both.  The Fourth Amended Complaint, however, contains detailed factual pleading concerning the alleged breach of contract.  The Fourth Amended Complaint satisfies the pleading requirements for this claim.

E.  **MOTION FOR APPOINTMENT OF COUNSEL**

Baughman has also filed a motion for appointment of counsel.  A civil rights plaintiff does not have an automatic right to the appointment of counsel.  *See Hulsey v. Texas*, 929 F.2d 168, 172–73 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.

1982)).  The appointment of counsel is not required unless a case presents exceptional circumstances.  *See Hulsey*, 929 F.2d at 173.

While Baughman complains about limited access to the prison law library, this complaint is not exceptional.  In addition, Baughman is an experienced litigant who knows how to conduct legal research and file motions and pleadings.  The Motion for Appointment of Counsel, (Dkt. No. 102), is denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Motions to Dismiss by Mary E. Baker, (Dkt. No. 66), and Lina Hidalgo and Ed Gonzalez, (Dkt. No. 68), are **GRANTED**.  All claims against Baker, Hidalgo, and Gonzalez are **DISMISSED WITH PREJUDICE**.

2. The Motion to Dismiss by Harris County, (Dkt. No. 69), is **GRANTED IN PART AND DENIED IN PART**.  Baughman's civil rights claims against Harris County are **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.  The Motion to Dismiss is **DENIED** as to Baughman's breach of contract claim.

3. Baughman's Motion for Appointment of Counsel, (Dkt. No. 102), is **DENIED**.

It is SO ORDERED.

Signed on March 16, 2023.

                                                 **DREW B. TIPTON**
                                 **UNITED STATES DISTRICT JUDGE**